CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: cmay@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA FRIESON, an individual; TINA COMBS successor in interest of Decedent INELL JENKINS<br><br>Plaintiffs,<br><br>v.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; JUSTINE, an individual; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.:<br>[*Alameda County Superior Court Case No.: 21CV000537*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed: October 13, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant DOLLAR TREE STORES, INC., contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of Alameda, to the United States District Court, Northern District of California. The removal is based, specifically, on the following grounds.

**JURISDICTION AND VENUE ARE PROPER**

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be

1 removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On October 13, 2021, Plaintiffs VICTORIA FRIESON and TINA COMBS, as successor in interest of Decedent, INELL JENKINS ("Plaintiffs") commenced the above-entitled civil action in the Superior Court for the County of Alameda by filing a Complaint therein entitled *Victoria Frieson and Tina Combs, successor in interest of Decedent, Inell Jenkins v. Dollar Tree Stores, Inc. and Does - 25, inclusive*; Case No. 21CV000537. True and correct copies of the following documents which were served on Defendant DOLLAR TREE STORES, INC., are attached hereto and incorporated herein by reference collectively as **Exhibit "A:"**

    a. Summons;
    b. Complaint;
    c. Civil Cover Sheet;
    d. Declaration of Tina Combs Pursuant to Section 377.32 of the Code of Civil Procedure (Attaching Exhibit A – Death Certificate of Inell Jenkins);
    e. Notice of Case Assignment; and
    f. Notice of Case Management Conference.

4. On March 11, 2022, the Summons, Complaint, Civil Cover Sheet; Declaration of Tina Combs Pursuant to Section 377.32 of the Code of Civil Procedure (Attaching Exhibit A – Death Certificate of Inell Jenkins), Notice of Case Assignment; and Notice of Case Management Conference. (**Exhibit "A"**) were personally served on DOLLAR TREE STORES, INC.'s agent for service of process.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

5. On April 4, 2022, Defendant DOLLAR TREE STORES, INC., filed its Answer to Complaint and Demand for Jury Trial. True and correct copies of DOLLAR TREE STORES, INC's Answer to Complaint and Demand for Jury Trial are collectively attached and incorporated by reference as **Exhibit "B."**

6. On April 4, 2022, Defendant DOLLAR TREE STORES, INC., simultaneous with the filing of its Answer to Complaint (**Exhibit "B"**) filed a Summons on Cross-Complaint and Cross-Complaint, naming as cross-defendant Tormax Technologies, Inc., a Delaware corporation, and ROES 1 through 20. True and correct unconformed copies of DOLLAR TREE STORES, INC.'s Summons on Cross-Complaint and Cross-Complaint are collectively attached and incorporated by reference as **Exhibit "C."** DOLLAR TREE STORES, INC. will file the conformed copies of the Summons on Cross-Complaint and Cross-Complaint with this Court upon receipt from the superior court.

7. The attached exhibit constitutes all process, pleadings and orders served upon or by Defendant DOLLAR TREE STORES, INC. in this matter.

## DIVERSITY

### A. Citizenship

8. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

9. Plaintiff was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California.

10. Defendant DOLLAR TREE STORES, INC., is a corporation. For diversity purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Virginia, with its

principal place of business in Virginia. Accordingly, Defendant is a citizen of the state of Virginia.

11. Therefore, complete diversity of citizenship exists as between Plaintiffs VICTORIA FRIESON and TINA COMBS, as successor in interest of Decedent, INELLE JENKINS, and Defendant DOLLAR TREE STORES, INC.

## B. Individual Defendant

12. This action arises out of an incident alleged to have occurred on October 17, 2019 at the Dollar Tree store located at 1933 Davis Street, San Leandro, California ("Davis Street Store"). Prior to the date of this incident and for at least one year afterwards, DOLLAR TREE STORES, INC. did not employ in any capacity any individual by the name of "Justine" at the Davis Street Store.

13. The citizenship of defendant "Justine" may be disregarded because she is a sham defendant, and has been fraudulently joined for the sole purpose of attempting to destroy diversity jurisdiction. "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir.2001) (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)). It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See, Morris,* 236 F.3d at 1067; *TPS Utilicom Serv., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1100-01 (C.D. Cal.2002).

14. Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *Ritchey v. Upjohn Drug Co.*, 139 F3d 1313, 1318 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available. *Lewis v. Time, Inc.*, 83 F.R.D. 455, 460 (E.D.Cal. 1979); *McCabe*,

811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

15. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party…at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 248-49 (E.D. Cal. 1992).

16. Plaintiff's Complaint for Damages alleges theories of liability based on negligence and premises liability. Each cause of action is based upon the allegation that plaintiffs were struck by the automatic door causing them to fall.

17. There is no reasonable basis for imposing liability on an unknown individual by the name of "Justine," who was not employed by DOLLAR TREE STORES, INC. on the date of this incident. Attached hereto as **Exhibit "D"** is a true and correct copy of the Declaration of Christopher Staley dated April 5, 2022, confirming that was no individual employee at the Davis Street Store from 2018 through October 12, 2020 – one year after the subject incident – by the name of "Justine." While the store manager from October 12, 2020 through April 2, 2022, was named Justine Martinez, she did not begin working at the Davis Street Store until one year *after* the subject incident. There is, thus, no potential to hold the unknown individual "Justine" liable on any theory for any dangerous condition of the Davis Street Store. *Alcaraz v. Vece*, 14 Cal. 4th 1149, 1162 (1997). It is clear that "Justine" is a "sham" defendant, joined only for the purpose of destroying complete diversity.

C. **Fictitious Does**

18. Defendants DOES 1 to 25, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686,

- 5 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

690-91 (9th Cir. 1998).  Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

19. Plaintiff's Complaint sets forth causes of action for negligence and premises liability.  *See*, **Exhibit "A."**  Plaintiff VICTORIA FRIESON alleges that on October 17, 2019, she and decedent, INELL JENKINS, were patrons at defendant's store and were struck by an automatic door on the premises which they claim malfunctioned causing plaintiffs to be injured. Although Plaintiffs were prohibited from stating a specific amount demanded in their Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

20. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy.").  This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

21. A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint.  *See, Cal. Code Civ. Proc.* § 425.10.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

22. On March 11, 2022, along with the documents comprising **Exhibit "A,"** Plaintiffs served Defendant (through its agent of process) with Plaintiff VICTORIA FRIESON's Statement of Damages under California *Code of Civil Procedure* § 452.11. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff VICTORIA FRIESON's Statement of Damages is attached hereto as **Exhibit "E."**

23. Plaintiff VICTORIA FRIESON's Statement of Damages alleges that she is seeking in excess of $1,000,000 for general and special damages. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

24. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California Code of Civil Procedure section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

25. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

26. Plaintiff VICTORIA FRIESON's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

27. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of the Complaint and Plaintiff VICTORIA FRIESON's Statement of Damages on March 11, 2022, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

28. Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed her Complaint on October 13, 2021.

///
///
///
///
///
///
///
///
///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

29. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: April 8, 2022                                             THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
ANDREA BREUER
Attorneys for Defendant,
DOLLAR TREE STORES, INC.

- 9 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(b) (DIVERSITY)**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Zavosh Rashidi, Esq.<br>DOWNTOWN L.A. LAW GROUP<br>601 N. Vermont Avenue<br>Los Angeles, CA 90004<br>Tel: 213-389-3765<br>Fax: 877-389-2775<br>Email: Zavosh@downtownlalaw.com | Attorneys for Plaintiffs, VICTORIA FRIESON; and TINA COMBS successor in interest of Decedent INELL JENKINS |
|---|---|

5. a. **X** **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date):* See below

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 4/8/2022 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32774\Pleadings\FEDERAL\Notice of Removal.docx